UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

S<small>EAN</small> A<small>DAM</small> R<small>OGERS</small>,

    Plaintiff,      Case No. 1:21-cv-140

v.             Honorable Janet T. Neff

U<small>NKNOWN</small> R<small>OY</small>,

    Defendant.
_____/

## OPINION

   This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

**I.  Factual allegations**

   Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Carson City Correctional Facility (DRF) in Carson City, Montcalm County, Michigan. The events about which he complains, however, occurred at the Oaks Correctional

Facility (ECF) in Manistee, Manistee County, Michigan.  Plaintiff sues Defendant Corrections Officer Unknown Roy.

Plaintiff alleges that on March 1, 2017, while Plaintiff was returning from his shower, he asked Defendant Roy for some soap and toothpaste.  Roy said no.  Plaintiff threatened to file a grievance against Plaintiff.  Roy then retaliated against Plaintiff for that threat by refusing to give him a grievance form, denying him the opportunity to have "cell clean up," and denying Plaintiff a meal tray.  At least that is the version of events Plaintiff alleged in his administrative grievance (Grievance, ECF No. 3-1, PageID.62–65), Plaintiff's witness statements (Statement of Jamare Rucker, ECF No. 3-2, PageID.67; Statement of Jy'Mario Dooley, ECF No. 3-4, PageID.73–74; Statement of Christopher Yeargin, ECF No. 3-5, PageID.76), and Plaintiff's initial complaint in *Rogers v. MacLaren et al.*, 1:20-cv-263 (W.D. Mich.) (*Rogers I*) ECF No. 1, PageID.28–29).

Plaintiff initial complaint in *Rogers I*, however, was deemed to include misjoined claims.  The Court separated the claims into three groups:  one group comprised of claims against Defendants from the Kinross Correctional Facility (KCF) that arose while Plaintiff was housed at KCF; one group comprised of claims against Defendants from the Charles Egeler Reception and Guidance Center (RGC) that arose while Plaintiff was housed at RGC; and one group comprised of claims against Defendants from ECF that arose while Plaintiff was housed at ECF.  *Rogers I* (ECF No. 8.)  The Court retained the KCF claims in *Rogers I* and directed the Clerk to open two new cases based on Plaintiff's *Rogers I* complaint:  *Rogers v. Bush et al.*, No. 1:20-cv-393 (W.D. Mich.) (*Rogers II*), which included the RGC claims, and *Rogers v. Mackie et al.*, No. 1:20-cv-394 (W.D. Mich.) (*Rogers III*), which included the ECF claims.  The Court directed Plaintiff to file an

2

amended complaint in each case limited to the claims arising while Plaintiff was housed in each facility.

When Plaintiff realleged his claims against Defendant Roy in *Rogers III*, however, the facts started to change. *Rogers III*, (ECF No. 9, PageID.301–303.) Initially, Plaintiff's claim against Roy was premised on the assertion that Roy denied Plaintiff soap and toothpaste—wrongly—and when Plaintiff threatened to grieve Roy, Roy retaliated. The refusal to provide soap, along with denial of cell clean-up and denial of a meal, were alleged to be Eighth Amendment violations, but the denial of cell clean-up and denial of a meal were also alleged to be retaliatory for protected conduct and, thus, First Amendment violations, while the denial of soap was not. *Rogers I* (ECF No. 1, PageID.28–29, ¶¶ 68–75 and PageID.44–45, ¶¶ 114–115.) In Plaintiff's *Rogers III* amended complaint, however, Plaintiff added that Roy, after denying Plaintiff the soap, stated: "What you going to do, besides write a grievance on me, like you done with K. Johnson and Sherman." *Rogers III* (ECF No. 9, PageID.302.) With that change, Plaintiff contended that the denial of hygiene items was also retaliatory. *Id.* (ECF No. 9, PageID.315.) Yet, Plaintiff still contended that Roy's refusal to provide the soap was based on Plaintiff's threat to file a grievance, which actually occurred only after Roy refused to provide the soap. *Id*. (ECF No. 9, PageID.315, § 89.)

The Court determined that Plaintiff's claim against Roy in *Rogers III* was misjoined to the other claims against the ECF Defendants. *Id*. (ECF No. 15, PageID.365.) Accordingly, the Court severed that claim and directed the Clerk to open up another case limited to Plaintiff's claims against Roy. The Court also directed Plaintiff to file an amended complaint limiting his claims to those raised against Defendant Roy. That is the amended complaint now before the Court. (Am. Compl., ECF No. 3.)

3

Perhaps realizing the timing issue with regard to his denial-of-soap retaliation claim, Plaintiff once again alters his factual allegations in the amended complaint. Now, Defendant Roy's statement to Plaintiff when he denies Plaintiff soap has expanded to the following:

> No, you can't have the state soap or toothpaste. What your [sic] going to do? Besides write a grievance on me. Like you done with K. Johnson (P.C.) and Officer Sherman. That's why you are not getting the "Hyigene [sic] Products."

(Am. Compl., ECF No. 3, PageID.52.) Plaintiff also makes clear in his "Claim of Relief" section that the initial denial is retaliatory for the grievance against K. Johnson. (*Id*., PageID.55, ¶ 20.)

Plaintiff claims that the denial of hygiene items, cell clean-up, and a meal are violations of his Eighth Amendment rights and, because they were adverse actions motivated by Defendant Roy's retaliatory intent for Plaintiff's protected conduct, the denials also violate Plaintiff's First Amendment rights.

Plaintiff seeks a declaration that Defendant Roy violated Plaintiff's First and Eighth Amendment rights and tens of thousands of dollars in damages.

**II.     Failure to state a claim**

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### III. Retaliation claims

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish three elements: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the

5

defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

### A. Denial of hygiene products

Petitioner's claim that Defendant Roy retaliated against Plaintiff by denying him hygiene products is a claim that has evolved substantially since he initially filed his grievance regarding the incident. Indeed, there is nothing in the original grievance that suggests that the denial of hygiene products was itself retaliatory. Rather, the denial of hygiene products prompted Plaintiff to threaten filing a grievance and the threat to file a grievance prompted the retaliatory conduct that followed—refusing a grievance form, denying Plaintiff the opportunity for cell clean-up, and denying Plaintiff his meal tray.

Plaintiff never included this claim in his grievance at any step of the administrative grievance process. (Grievance, ECF No. 3-1, PageID.62–65.) In *Jones v. Bock*, 549 U.S. 199 (2007), the Supreme Court described the PLRA exhaustion requirement and its purposes as follows:

> The exhaustion provision of the PLRA states:
>
> > "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).
>
> Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court. This has the potential to reduce the number of inmate suits, and also to improve the quality of suits that are filed by producing a useful administrative record. *Woodford, supra*, at 94–95 . . . .

*Jones*, 549 U.S. at 204. The *Jones* Court also recognized that "[a] typical PLRA suit with multiple claims . . . may combine a wide variety of discrete complaints, about interactions with guards, prison conditions, generally applicable rules, and so on, seeking different relief on each claim."

6

*Jones v. Bock*, 549 U.S. 199, 222 (2007).  To satisfy the purpose of the exhaustion requirement, each claim raised must be exhausted.  "All agree that no unexhausted claim may be considered." *Id*. at 219–20.  Plaintiff's claim that the denial of hygiene products was retaliatory, therefore, may not be considered.

Although Plaintiff did not initially claim that the denial of hygiene products was retaliatory,[1] he has since attempted to conjure up two ways to argue that it was.  In *Rogers III*, Plaintiff alleges the adverse action is alleged in paragraphs 45 (denial of hygiene products), 46 (denial of a grievance form), 48–50 (denial of cell clean-up), and 51–52 (denial of meal tray).  Petitioner contends that Roy "Denied Plaintiff Hygiene item (soap and toothpaste); cell clean up and food. Because I threaten to file a Step One grievance."  *Rogers III* (Am. Compl., ECF No. 9, PageID.315, ¶ 89.)

Plaintiff must demonstrate, however, that the adverse action was motivated by the protected conduct.  In Plaintiff's allegations, the adverse action—denying hygiene items—occurred before the protected conduct—threatening to file a Step I grievance.  Therefore, Plaintiff's allegation that the denial of hygiene items was prompted by the threat of the grievance fails to state a valid retaliation claim.

Apparently recognizing that insufficiency, in Plaintiff's amended complaint, he takes another stab at creating a retaliation claim based on the denial of hygiene products.  Now, four years and one month after the conversation took place, after a three-step grievance, the drafting of multiple witness statements, and two complaints, Plaintiff recalls that Roy did not deny

---

[1] The claim is absent from his administrative grievance.  It is also absent from his *Rogers I* complaint.  Plaintiff alleges his Eighth Amendment claim is based on paragraphs 68 (the denial of soap), 72 and 73 (denial of cell clean-up), and 75 (denial of a meal tray).  Rogers I (Compl., ECF No. 1, PageID.44, ¶ 114.)  Plaintiff alleges the adverse actions upon which his retaliation claim is based are alleged in paragraphs 70 through 75, which relate only to the denial of a grievance form, denial of cell clean-up, and denial of a meal tray.  Rogers I (*Id*., PageID.45, ¶ 115.)

7

him hygiene products because of Plaintiff's threat to file a grievance.  Instead, Roy denied Plaintiff hygiene products because Plaintiff had previously filed grievances against prison counselor Johnson and officer Sherman, and Roy conveniently stated that fact.  (Am. Compl., ECF No. 3, PageID.52.)

When reviewing a complaint for failure to state a claim, the Court is called upon to accept the allegations as true.  *Iqbal*, 556 U.S. at 678.  But that rule is not absolute; there are exceptions.  For example, the Court need not accept legal conclusions as true.  *Id*.  The Court also may disregard factual allegations if they "rise to the level of the irrational or the wholly incredible." *Patterson v. Godward*, 370 F.App'x 608, 609 (6th Cir. 2010) (citation and internal quotes omitted). Under the circumstances present here, the Court finds Plaintiff factual allegation regarding Roy's comment that he denied Plaintiff hygiene products because Plaintiff had previously filed grievances against counsel Johnson and officer Sherman to be "wholly incredible."  Accordingly, the Court concludes that Plaintiff has failed to state a retaliation claim based on proof of a retaliatory motive derived from the comment.

Alternatively, the Court finds that allegation factually frivolous.  As the Supreme Court stated in *Denton v. Hernandez*, 504 U.S. 25 (1992), the *in forma pauperis* statute—28 U.S.C. § 1915—authorizes a review for frivolity that "gives courts the authority to 'pierce the veil of the complaint's factual allegations' [such] that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations."  *Denton*, 504 U.S. at 32.  Instead, "a court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional."  *Id*. at 32–33 (citations and internal quotes omitted).  Under that standard, it is appropriate to find factual allegations frivolous when they "rise to the level of the irrational or

8

the wholly incredible . . . ." *Id*. at 33. The Court finds that Plaintiff's claim, four years after the fact, that Roy made the specific statement now attributed to him, despite the exclusion of that statement from every prior recounting of the event by Plaintiff or any of his witnesses, is wholly incredible. Therefore, Plaintiff's claim that Roy denied him hygiene products because of grievances Plaintiff filed against Johnson and Sherman is factually frivolous and properly dismissed.

### B. Denial of a grievance form, cell clean-up, and one meal

Plaintiff's claim that Roy retaliated against Plaintiff by denying him a grievance, cell clean-up, and a meal fares no better than his claim regarding the hygiene products; but it fails for a different reason.

Plaintiff contends that he participated in protected conduct when he threatened to file a grievance regarding Roy's refusal to give Plaintiff hygiene products upon demand. An inmate has a right to file "non-frivolous" grievances against prison officials on his own behalf, whether written or oral. *Maben v. Thelen*, 887 F.3d 252, 265 (6th Cir. 2018); *Mack v. Warden Loretto FCI*, 839 F.3d 286, 298–99 (3d Cir. 2016) ("[The prisoner's] oral grievance to [the prison officer] regarding the anti-Muslim harassment he endured at work constitutes protected activity under the First Amendment."); *Pearson v. Welborn*, 471 F.3d 732, 741 (7th Cir. 2006) ("[W]e decline to hold that legitimate complaints lose their protected status simply because they are spoken."); *see also Pasley v. Conerly*, 345 F. App'x 981, 984–85 (6th Cir. 2009) (finding that a prisoner engaged in protected conduct by *threatening* to file a grievance). "Nothing in the First Amendment itself suggests that the right to petition for redress of grievances only attaches when the petitioning takes a specific form." *Holzemer v. City of Memphis*, 621 F.3d 512, 521 (6th Cir. 2010) (finding that a conversation constituted protected petitioning activity) (quoting *Pearson*, 471 F.3d at 741).

9

The Court concludes that Plaintiff's threat did not rise to the level of protected conduct because the grievance he threatened to file was frivolous. Plaintiff's grievance depends on his reading of MDOC policy to require MDOC personnel to hand over hygiene products whenever a prisoner demands it. Plaintiff relies upon MDOC Policy Directive 03.03.130, Humane Treatment and Living Conditions for Prisoners (Eff.10/1/2019). That policy provides: "Prisoners shall be provided or permitted to purchase personal hygiene items, including soap, toothbrushes, toothpaste/toothbrushes/shaving necessities, shampoo, toilet paper, suitable comb/pick/hairbrush, deodorant, and, for female prisoners, sanitary napkins." *Id.*[2]

There was no dispute that Plaintiff was entitled to receive soap. Roy acknowledged that Plaintiff asked for it and that Roy refused to give it. But, as grievance reviewer Lieutenant MacKay noted, "The state-issued soap is for use in the shower. All prisoners that request soap, are to do so on the way to the shower." (Grievance, ECF No. 3-1, PageID.65.) Plaintiff acknowledges that he asked for the soap after his shower. (*Id.*, PageID.63.) Plaintiff does not contest MacKay's statement that the time to ask is on the way to the shower, not on the way back. Plaintiff simply relies on the policy requirement that "Prisoners ***shall*** be provided personal hygiene items." (*Id.*) Essentially, Plaintiff contends that any time he asks for a personal hygiene item, it must be supplied then and there. To grieve Roy because he did not live up to that standard is frivolous. A threat to file that grievance is not protected conduct.

Because Plaintiff fails to allege protected conduct, his retaliation claims concerning the denial of a grievance form, cell clean-up, and denial of one meal fail at the first step of the retaliation test. Regardless of whether the subsequent actions may have been adverse, they were

---

[2] Plaintiff was in segregation. The MDOC Policy Directive 04.05.120. Segregation Standards (Eff. 6/1/2019) provides: "a prisoner in segregation shall be provided or allowed to possess the following: . . . Toothbrush . . ., toothpaste or powder, denture cup if needed, soap, shampoo, deodorant, toilet paper, comb/pick/hairbrush, shaving gear, and, for female prisoners, sanitary napkins." *Id*.

10

not motivated by protected conduct. Accordingly, Plaintiff has failed to state any First Amendment retaliation claim.

## IV. Eighth Amendment

All of the deprivations that Plaintiff offers as adverse actions for his retaliation claims he also offers as examples of cruel and unusual punishment in violation of the Eighth Amendment. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous," nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345–46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600–01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954. "Routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes*, 452 U.S. at 347). As a consequence, "extreme deprivations are required to make out a conditions-of-confinement claim." *Id.*

In order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479–80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (applying deliberate

indifference standard to medical claims)); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims)). The deliberate-indifference standard includes both objective and subjective components. *Farmer*, 511 U.S. at 834; *Helling*, 509 U.S. at 35–37. To satisfy the objective prong, an inmate must show "that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. Under the subjective prong, an official must "know[] of and disregard[] an excessive risk to inmate health or safety." *Id.* at 837. "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Id.* at 842. "It is, indeed, fair to say that acting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk." *Id.* at 836. "[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." *Id.* at 844.

The constitution does not mandate showers; it requires only that prisoners be allowed to maintain hygiene. Plaintiff does not allege that he was not able to maintain hygiene. Indeed, he was on his way back from the shower when he was refused soap.

Moreover, Plaintiff does not allege that he did not receive soap or toothpaste for any length of time—only that he did not receive it that moment. Allegations about temporary inconveniences, e.g., being deprived of a lower bunk, subjected to a flooded cell, or deprived of a working toilet, do not demonstrate that the conditions fell beneath the minimal civilized measure of life's necessities as measured by a contemporary standard of decency. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001) (discussing temporary inconveniences generally); *see also Ziegler v. Michigan*, 59 F. App'x 622, 624 (6th Cir. 2003) (allegations of overcrowded cells and denials of daily showers and out-of-cell exercise do not rise to constitutional magnitude, where

12

a prisoner is subjected to the purportedly wrongful conditions for six days one year and ten days the next year); *Siller v. Dean*, No. 99-5323, 2000 WL 145167, at *2 (6th Cir. Feb. 1, 2000) (denial of shower and other personal hygiene items for six days was not actionable under the Eighth Amendment); *Metcalf v. Veita*, No. 97-1691, 1998 WL 476254, at *2 (6th Cir. Aug. 3, 1998) (finding that an eight-day denial of showers, trash removal, cleaning, and laundry did not result in serious pain or offend contemporary standards of decency under the Eighth Amendment); *White v. Nix*, 7 F.3d 120, 121 (8th Cir. 1993) (eleven-day stay in unsanitary cell not unconstitutional because of relative brevity of stay and availability of cleaning supplies); *see also J.P. v. Taft*, 439 F. Supp. 2d 793, 811 (S.D. Ohio 2006) ("[M]inor inconveniences resulting from the difficulties in administering a large detention facility do not give rise to a constitutional claim.") (internal citation omitted)).

The refusal to allow the occasional shower constitutes a mere temporary inconvenience. *See Siller*, 2000 WL 145167, at *2; *Metcalf* 1998 WL 476254, at *2; *Evans v. Bruge*, No. 1:20-cv-833, 2020 WL 5742748, at *5 (W.D. Mich. Sept. 25, 2020) (denial of two showers, one week apart, is a mere temporary inconvenience that does not violate the Eighth Amendment); *Rogers v. Mackie*, No. 1:20-cv-394, 2020 WL 3989432, at *8 (W.D. Mich. July 15, 2020) (denial of soap and a shower for two days did not violate the Eighth Amendment); *Lewis v. Guinn*, No. 2:05-cv-287, 2006 WL 560648, at *4 (W.D. Mich. Mar. 3, 2006) (deprivation of single shower does not implicate Eighth Amendment); *see also Barnett v. Fitz*, No. 1:19-cv-987, 2020 WL 205288, at *4 (W.D. Mich. Jan. 14, 2020) (holding that an allegation that the defendant "would skip [Plaintiff for] showers and gym time because [Plaintiff] wasn't at the door" did not permit a determination that the defendant deprived the plaintiff of hygiene and exercise within the meaning of the Eighth Amendment). Plaintiff does not allege anything more than a very temporary

13

inconvenience with regard to the hygiene products. Roy's refusal of hygiene products on March 1, 2017, is not an Eighth Amendment violation.

Plaintiff's allegation that he was denied cell clean-up for one day also presents only a temporary inconvenience. *See Foster v. Ohio*, No. 1:16-cv-920, 2018 WL 6726965, at *14 (S.D. Ohio Dec. 21, 2018) (recognizing that "'the severity and duration of deprivations are inversely proportional, so that minor deprivations suffered for short periods would not rise to an Eighth Amendment violation, while *substantial* deprivations of shelter, food, drinking water, and sanitation may meet the standard despite a shorter duration.'") (emphasis in original; further internal quotations omitted) (quoting *DeSpain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001) (holding that both the length of exposure and the severity of the deprivation are important factors in evaluating the seriousness of the deprivation)). Plaintiff does not suggest that the condition of his cell was filthy, as described in *Taylor v. Riojas*, 141 S. Ct. 52 (2020), where feces covered the walls and floors and were packed into the water faucet. Indeed, Plaintiff does not allege that his cell was unhygienic at all. Nor does he claim that the cell conditions he suffered because of Roy's refusal to permit cell clean-up on March 1 continued for any meaningful duration. As a consequence, Plaintiff's allegations about the March 1 denial of cell clean-up fall well short of meeting the objective component of the Eighth Amendment standard.

Plaintiff's allegation that Roy refused to give Plaintiff a grievance form did not result in any deprivation. Plaintiff prepared his grievance on March 3, 2017.

Plaintiff's claim that he was denied one meal also falls short. "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954. Thus, the deprivation of a few meals for a limited time generally does not rise to the level of an Eighth Amendment violation.

*See Cunningham v. Jones*, 667 F.2d 565, 566 (6th Cir. 1982) (per curiam) (providing a prisoner only one meal per day for fifteen days did not violate the Eighth Amendment, because the meals provided contained sufficient nutrition to sustain normal health); *Davis v. Miron*, 502 F. App'x 569, 570 (6th Cir. 2012) (denial of seven meals over six days is not an Eighth Amendment violation); *Richmond v. Settles*, 450 F. App'x 448, 456 (6th Cir. 2011) (denial of five meals over three consecutive days, and a total of seven meals over six consecutive days, does not rise to Eighth Amendment violation, where the prisoner fails to allege that his health suffered); *see also Berry v. Brady*, 192 F.3d 504, 507–08 (5th Cir. 1999) (denial of a few meals over several months does not state a claim); *Staten v. Terhune*, 67 F. App'x 462, 462–63 (9th Cir. 2003) (deprivation of two meals is not sufficiently serious to form the basis of an Eighth Amendment claim); *Cagle v. Perry*, No. 9:04-CV-1151, 2007 WL 3124806, at *14 (N.D.N.Y. Oct. 24, 2007) (deprivation of two meals is "not sufficiently numerous, prolonged or severe" to give rise to an Eighth Amendment claim). Plaintiff's allegation that he missed one meal simply does not suffice under the objective prong of the deliberate-indifference standard. Consequently, Plaintiff does not state a plausible claim. *See Iqbal*, 556 U.S. at 679 (noting that the allegations must permit an inference of more than a "mere possibility" of misconduct).

Even combining all of these elements, Plaintiff allegations do not demonstrate the type of deprivation that rises to the level of an Eighth Amendment violation.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim or because it is factually frivolous, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611

(6th Cir. 1997).  For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous.  *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  Accordingly, the Court certifies that an appeal would not be taken in good faith.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.

Dated:   April 29, 2021                                   /s/ Janet T. Neff
                                                                          Janet T. Neff
                                                                          United States District Judge